IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EBRAHIM ADKINS,**

                **Plaintiff,**

        v.                                                          CASE NO. 11-3053-SAC

**RICK ARMSTRONG, et al.,**

                **Defendants.**

**O R D E R**

This matter comes before the court on a "Civil Rights Complaint pursuant to 42 U.S.C. § 1983," filed pro se by a resident of Kansas City, Kansas. Based upon plaintiff's limited financial resources, the court grants plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff's complaint is far from clear, but appears to center on the Kansas City Municipal Court's refusal to file motions submitted by plaintiff in January 2011 in four cases plaintiff identifies only by number. The defendants named in the complaint are: Rick Armstrong as Chief of Police for Kansas City, Kansas; Greg Lawson as an Internal Affairs Officer for Kansas City, Kansas; Mike McLin and John Smith as Kansas Department of Revenue Vehicles Administrators; Municipal Court Judge Aaron Roberts; and Wyandotte County District Attorney Jerome Gorman. Plaintiff seeks a declaratory judgment that defendants violated his constitutional rights, unspecified injunctive relief, reversal and remand of the

four municipal court cases, disciplinary action against defendants, a restraining order to prevent future retaliation by defendants, and compensatory and punitive damages.

Also before the court is plaintiff's "Motion for Summary Judgment" which identifies nine issues and includes (as issue ten) plaintiff's "amendment" of the complaint "to name all state actors as private actors." The court liberally construes this pleading as supplementing the complaint to clarify the issues being raised and plaintiff's naming of defendants in their "duel" [sic] capacity in the original complaint.[1]

The court is to dismiss a case in which in forma pauperis status has been granted if at any time the court determines the action is "frivolous or malicious," seeks relief "from a person immune from such relief," or "fails to state a claim for relief." 28 U.S.C. § 1915(e)(2)(B). Although plaintiff is no longer a prisoner as defined in § 1915(h), § 1915(e)(2) applies to all litigants, prisoners and non-prisoners alike. See *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir.2005)(28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss the complaint of a party proceeding IFP whenever the court determines the action is frivolous or malicious, fails to state a claim for relief, or seeks damages from persons immune from such relief); *Michau v. Charleston County, S.C.*, 434 F.3d 725 (4th Cir.)(§ 1915(e) "governs IFP filings

---

[1] Although plaintiff's motion for summary judgment names only Municipal Court Judge Aaron Roberts as a defendant, the court liberally construes the caption as referencing all defendants named in the complaint.

in addition to complaints filed by prisoners"), *cert. denied*, 548 U.S. 910 (2006). *See also Merryfield v. Jordan*, 584 F.3d 923 (10th Cir.2009)(affirming dismissal of nonprisoner's complaint as frivolous and as stating no claim for relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)); *Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 Fed.Appx. 666 (10th Cir.2008)(affirming dismissal of nonprisoner's frivolous complaint under § 1915(e)(2)(B))(citing cases)(unpublished opinion, cited not as binding precedent but for its persuasive value, Fed.R.App.P. 32.1 and 10th Cir.R. 32.1).

Reviewing plaintiff's supplemented complaint, the court finds it is subject to being summarily dismissed pursuant to § 1915(e)(2)(B).

Plaintiff identifies his issues in the following manner. First, he states the court clerk refused to accept plaintiff's documents for filing because they were not presented in proper form as required by court rules and practice, and contends he was thereby denied his constitutional right to equal protection, due process, and meaningful effective access to the courts. Second, plaintiff cites his award of Social Security Supplemental Income as legally establishing his mental disability, and argues for a February 2010 accrual date for his claims.[2] Third, plaintiff appears to claim he

---

[2]This is an argument the court has previously rejected in other cases filed by plaintiff. Moreover, the court fails to see how this particular argument might be applicable to the core allegation in the present case that plaintiff was not allowed to file documents in the municipal court in January 2011.

3

was not provided appointed counsel in his municipal court proceedings in violation of his Sixth Amendment right to effective assistance of counsel. Plaintiff's fourth issue essentially cites legal standards for reviewing claims presented by litigants proceeding pro se and in forma pauperis, but identifies no specific claim. Fifth, he basically argues the municipal court clerk's actions violated federal court rules. Sixth, plaintiff contends all defendants conspired to deny plaintiff equal protection and due process. Seventh, plaintiff asserts he was denied his state statutory right to appellate review, which thereby violated his federal constitutional right to due process and equal protection. Eighth, plaintiff appears to argue it was error to admit his confession without determining whether it was knowing and voluntary under circumstances which included his established mental impairment. And ninth, plaintiff contends his convictions are not supported by constitutionally sufficient evidence.[3]

Although plaintiff's pleadings are filled with recitations of legal holdings in published court decisions, his allegations of constitutional violations and bare references to conspiracy and retaliation are conclusory at best, lacking sufficient factual support to establish any plausible claim against any defendant upon

---

[3]Because plaintiff provides no factual background, the court tentatively presumes the allegations in plaintiff's eighth and ninth issues relate to one or more of the four municipal convictions cited by plaintiff, and not to plaintiff's previous convictions on 1999 and 2001 state drug charges.

which relief can be granted under § 1983.[4]  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.")(citing cases).  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Id*.  Although pro se pleadings are to be liberally construed, a pro se litigant still must follow basic procedural rules governing all litigants, and must make more than mere conclusory statements regarding constitutional claims.  *See Brown v. Zavaras*, 63 F.3d 967, 971-72 (10th Cir.1995); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir.1994).

Nor does plaintiff provide any factual basis for establishing any defendant's personal participation in the alleged violation of plaintiff's constitutional rights.  "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008)(quotation omitted).

To the extent plaintiff seeks relief on allegations of error in his municipal court cases, his remedy lies in the state courts. Section 1983 is not available to overturn a state conviction.

---

[4]Plaintiff states only that the court clerk, not named as a defendant in this action, refused to accept plaintiff's documents for filing because they were not presented in proper form as required by court rules and practice.  Plaintiff broadly maintains he was thereby denied his constitutional right to meaningful and effective access to the courts.

*Preiser v. Rodriguez*, 411 U.S. 475 (1973). Nor does this court have jurisdiction to review a final state court judgment. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). If any of plaintiff's municipal court cases are not yet final, plaintiff identifies no exceptional circumstances that might warrant this court's intervention in a state court proceeding. *Younger v. Harris*, 401 U.S. 37, 43 (1971).

Additionally, plaintiff's prayer for damages against the municipal court judges named as a defendant is barred because judges are protected by absolute immunity in civil rights action from liability based on their judicial actions. *See Stump v. Sparkman*, 435 U.S. 349, 362-64 (1978)); *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir.2000). Likewise, the Wyandotte County prosecutor named as a defendant is entitled to absolute immunity for activities intimately associated with the judicial phase of a criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Accordingly, the court grants plaintiff an opportunity to cure the deficiencies identified herein by submitting an amended complaint, and doing so on a court approved form. The failure to comply in a timely manner may result in the instant complaint being dismissed pursuant to § 1915(e)(2)(B) without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20)

days to submit an amended complaint to avoid summary dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons stated by the court.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Doc. 3) is denied without prejudice, and that plaintiff's motion for summary judgment (Doc. 4) is liberally construed as supplementing the complaint, and in all other respects is premature and denied without prejudice.

The clerk's office is to provide plaintiff with a court approved form for filing a civil action under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED: This 4th day of May 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge