```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**EBRAHIM ADKINS,**

                        **Plaintiff,**

        v.                                     CASE NO. 11-3053-SAC

**RICK ARMSTRONG, et al.,**

                        **Defendants.**

<u>**O R D E R**</u>

    Plaintiff proceeds pro se and in forma pauperis on a civil complaint, as later supplemented, seeking relief under 42 U.S.C. § 1983 on allegations related to the Kansas City Municipal Court's refusal to file plaintiff's motions in January 2011 in four cases. The defendants named in the complaint are: Rick Armstrong as Chief of Police for Kansas City, Kansas; Greg Lawson as an Internal Affairs Officer for Kansas City, Kansas; Mike McLin and John Smith as Kansas Department of Revenue Vehicles Administrators; Municipal Court Judge Aaron Roberts; and Wyandotte County District Attorney Jerome Gorman. Plaintiff seeks a declaratory judgment that defendants violated his constitutional rights, unspecified injunctive relief, reversal and remand of the four municipal court cases, disciplinary action against defendants, a restraining order to prevent future retaliation by defendants, and compensatory and punitive damages.

    The court reviewed the supplemented complaint and found in part it was subject to being summarily dismissed as stating no claim for

relief under § 1983, and as seeking damages barred by recognized immunities. The court also found the complaint was subject to being summarily dismissed without prejudice to the extent plaintiff sought relief sounding in habeas corpus, or sought the federal court's intervention in closed or ongoing state court proceedings.

By an order dated May 4, 2011, the court directed plaintiff to submit an amended complaint that addressed deficiencies identified by the court, and to submit the amended complaint on a court approved form. In response plaintiff filed an amended complaint naming the same defendants. This sparse pleading again cites legal authority for conclusory constitutional claims, and again fails to provide any plausible or valid basis for the declaratory, injunctive, and monetary relief being sought from any defendant in this matter.

Accordingly, the court finds the amended complaint should be dismissed for the same reasons stated in the order dated May 4, 2011. Dismissal of the amended complaint is without prejudice to any claim plaintiff might be able to pursue in federal habeas corpus or in the state courts.

IT IS THEREFORE ORDERED that the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

DATED: This 26th day of July 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

2